UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DARNELL VAUGHN, | ) |
|    Petitioner, | ) ) ) |
| v. | ) ) Case No. 1:21-cv-00068-SRC |
| BILL STANGE, | ) ) ) |
|    Respondent. | ) ) |

**<u>Memorandum and Order</u>**

Darnell Vaughn called his mother early in the morning and, wearing a bulletproof vest and carrying two guns, soon met with her and other family members. Doc. 9-8 at p. 3. Vaughn told his family members that he "kill[ed] the girls" and "hit somebody with a gun" after his mind "snapped." *Id*. Late that same day police discovered the bodies of Claudia Williams and Tasheera Johnson. *Id*. at p. 4. Both women died of gunshot wounds to the head. Doc. 9-1 at pp. 434, 438. The next day, Vaughn's mother helped him get away to Minnesota; but after her arrest several days later for hindering prosecution, Vaughn surrendered to the police. Doc. 9-8 at pp. 3–4.

A state-court jury found Vaughn guilty of one count of first-degree murder, one count of second-degree murder, and two related counts of armed criminal action. Doc. 9-2 at pp. 84–87. The state court sentenced Vaughn to life without parole for first-degree murder, one life sentence for second-degree murder, and two fifteen-year sentences for armed criminal action. *Id.* at pp. 92–95. Vaughn appealed his conviction to the Missouri Court of Appeals, which affirmed. Doc. 9-8. Vaughn remains incarcerated. Doc. 1. Vaughn now petitions this Court under 28 U.S.C. §

2254 for a writ of habeas corpus, alleging various errors by the state trial court. *Id*. For the reasons discussed below, the Court denies Vaughn's petition for writ of habeas corpus.

I.    **Facts and Background**

The Missouri Court of Appeals described the pertinent facts as follows:

On August 29, 2012, Defendant was in possession of his girlfriend Claudia Williams's ("Williams") vehicle. At approximately 6 P.M. that evening, Williams, Earlene Hurd ("Hurd"), and Hurd's nine-year-old daughter began driving around north St. Louis City, searching for Williams's vehicle. On multiple occasions during the search, Williams used Hurd's phone to call Defendant. In one such phone call, wherein Defendant was placed on speaker phone, Hurd overheard Defendant warn Williams to "stay out of those dark alleys."

At approximately 10 P.M., Williams and Hurd successfully located the vehicle. However, Defendant was in possession of her keys. When Defendant failed to meet Williams to furnish the keys, Williams and Hurd requested assistance from and awaited [sic] for the St. Louis Metropolitan Police Department, without response. Eventually, around midnight, Hurd, Williams, and Hurd's daughter retreated to Williams's residence in St. Louis County.

Upon arriving at Williams's residence, Tasheera Johnson ("Johnson") (collectively, Johnson and Williams will be referred to as "Victims") asked Hurd to chauffeur her to retrieve her daughter. Hurd consented and subsequently returned both Johnson and her daughter to Williams's residence. Before Hurd's final departure from Williams's residence, Williams informed Hurd that Defendant had confirmed, via text message, that he would return Williams's vehicle the follow [sic] morning.
In the very early morning hours of August 30, 2012, Defendant placed several phone calls to his mother, Lois Adams ("Adams"). During each phone conversation, Defendant "kept talking about [his] children." In his final phone call, Defendant revealed to Adams that he "killed them." Adams believed "them" referred to Defendant's children.

Soon thereafter, Defendant, Adams, Defendant's sister, and Defendant's father, convened at the residence of Defendant's sister. Defendant was irritable, was in possession of two guns, and was wearing a bulletproof vest. At trial, Adams testified that Defendant "was ready to die at that time" and was prepared to "have a shootout with the police[.]" During this gathering, Defendant was discussing "killing the girls" and had referenced Williams in this regard. Defendant relayed that he had "hit somebody with a gun" after his mind "snapped." Defendant also mentioned that a child was left behind.

Defendant, Adams, Defendant's sister, and Defendant's father subsequently relocated to a nearby motel room, where they remained for a few hours. Adams

> then transported Defendant to Melva Hodge's ("Hodge") residence in Belleville, Illinois. While lingering at Hodge's residence, Defendant divulged that the impetus for the turmoil he was now experiencing was the fact that two women were "talking about him" and "messing with him." On August 31, 2012, Adams arranged passage for Defendant to be transported to Minnesota.
>
> At approximately 8 P.M. on August 30, 2012, Williams's vehicle was found abandoned (with the keys in the ignition) on Chouteau Island in Madison County, Illinois. Defendant's fingerprints were found within Williams's vehicle.
>
> On August 31, 2012, law enforcement was summoned to Williams's residence, wherein the bodies of Williams and Johnson were discovered. Defendant's fingerprints or DNA evidence was discovered on the following items located within Williams's residence: (1) a box of firearm ammunition; (2) a baseball cap; (3) a wave cap; and (4) a cigarette butt left on the bedroom floor.
>
> On September 7, 2012, Defendant surrendered himself to law enforcement after Adams was arrested and charged for hindering prosecution. Defendant was charged with two counts of first-degree murder, in violation of Section 565.020,5 and two counts of armed criminal action, in violation of Section 571.015. During trial, Defendant elected not to testify on his own behalf.
>
> At the close of trial, the jury was instructed on both first- and second-degree murder (Section 565.021) for each concomitant homicides [sic]. However, the trial court denied Defendant's requests to instruct the jury on voluntary manslaughter for both counts of first-degree murder. The jury returned a verdict finding Defendant guilty of second-degree murder in regards to Williams, first-degree murder in regards to Johnson, and both counts of armed criminal action. Defendant was sentenced to consecutive life sentences.

Doc. 9-8 at pp. 2–4. Vaughn appealed his convictions to the Missouri Court of Appeals, which affirmed. Doc. 9-8; *State v. Vaughn*, 523 S.W.3d 610 (Mo. App. E.D. 2017) (mem.). Vaughn did not appeal to the Supreme Court of Missouri. Doc. 1 at p. 2. Vaughn filed a Missouri Rule 29.15 post-conviction relief motion, which the motion court denied after an evidentiary hearing. Doc. 9-12 at pp. 137–152. He appealed this decision, and the Missouri Court of Appeals affirmed the motion court's denial of post-conviction relief on the merits. Doc. 9-18; *Vaughn v. State*, 605 S.W.3d 617 (Mo. App. E.D. 2020) (mem.). Vaughn now seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254.

3

**II.     Standard**

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254[.]" *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005)*, as amended* (June 21, 2005). Federal habeas review exists only "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 575 U.S. 312, 315 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)). Accordingly, "[i]n the habeas setting, a federal court is bound by the AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). For a federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show that the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). A determination of a factual issue made by a state court is presumed correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. *Id.* at § 2254(e)(1).

A state court's decision is "contrary to" clearly-established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000)).

4

An unreasonable application of clearly established Supreme Court precedent occurs where the state court identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). Finally, a state court decision may be considered an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Id.*

## III. Discussion

Vaughn asserts five grounds for relief in his habeas petition. Doc. 1-1. One, Vaughn claims that the trial court erred in refusing to instruct the jury on voluntary manslaughter as to the second-degree murder charge. *Id.* at p. 1. Two, Vaughn claims that the trial court erred in refusing to instruct the jury on voluntary manslaughter as to the first-degree murder charge. *Id.* at p. 1. Three, Vaughn claims his trial counsel ineffectively failed to investigate and call potential alibi witness Lee. *Id.* at p. 2. Four, Vaughn claims that his trial counsel ineffectively failed to raise a speedy trial claim. *Id.* at pp. 2–4. Five, Vaughn claims that trial counsel ineffectively failed to object to Exhibit 107 based on failure to lay a proper foundation. *Id.* at pp. 4–5.

### A. Grounds one and two

Vaughn challenges the trial court's decision not to instruct the jury on voluntary manslaughter on both murder counts. *Id.* at p. 1. Vaughn argued on direct appeal that the trial court's decision violated his due process right to a fair trial and his statutory right to a lesser-included instruction. Doc. 9-4 at pp. 13–31; Mo. Rev. Stat. § 556.046. The Missouri Court of Appeals denied his claim, explaining that voluntary manslaughter is not a "nested" lesser-included offense to murder, and because Vaughn did not place into evidence a basis for acquittal on the murder charges and a basis for conviction on a voluntary manslaughter charge, the trial

court properly denied his request for the voluntary manslaughter instruction.  Doc. 9-8 at pp. 5–14; *see* Mo. Rev. Stat. § 556.046.3.  As a threshold matter, the Court finds that the Missouri Court of Appeals adjudicated Vaughn's claim "on the merits" within the meaning of § 2254(d).  *See Johnson v. Williams*, 568 U.S. 289, 301 (2013).

Because the Court of Appeals adjudicated his claim on the merits, Vaughn cannot obtain habeas relief under § 2254(a) unless the decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law" under § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under § 2254(d)(2).  Vaughn argues that the Court of Appeals "made an objectively unreasonable determination of the facts" under § 2254(d)(2) because "there was a basis in the evidence for an acquittal of the higher offense and a conviction only of the lesser."  Doc. 1-1 at p. 1.  The Court disagrees.

The Court of Appeals affirmed the trial court's decision not to instruct the jury on voluntary manslaughter because Vaughn "failed to meet his burden of injecting evidence that he acted under the influence of sudden passion arising from adequate cause."  Doc. 9-8 at p. 13.  Vaughn argues that the court's determination was unreasonable and points to the testimony of witness Melva Hodges, who testified that Vaughn "snapped," and that Vaughn told her that "they just kept on talking crazy to him," that "she was talking real bad to him."  Doc. 9-5 at pp. 15–16.  But the Court of Appeals noted this evidence and still found it "insufficient, as a matter of law, to obligate the trial court to instruct upon voluntary manslaughter."  Doc. 9-8 at p. 12; *see State v. Redmond*, 937 S.W.2d 205, 208 (Mo. 1996) ("Words alone, no matter how opprobrious or insulting, are not sufficient to show adequate provocation.").

6

The factual findings of the Court of Appeals are "presumptively correct" and they also "enjoy support in the record." *See Ryan*, 387 F.3d at 790. Nothing in Vaughn's petition or the state-court records suggests that the Court of Appeals' ruling was "based on an unreasonable determination of the facts." *See* § 2254(d)(2). Furthermore, to the extent Vaughn asks the Court to re-examine the Court of Appeals' interpretation and application of state law, this Court refuses to do so because "the failure to give a lesser included offense instruction in a noncapital case rarely, if ever, presents a constitutional question[,]" *Pitts v. Lockhart*, 911 F.2d 109, 112 (8th Cir. 1990), and "[a] federal court may not re-examine a state court's interpretation and application of state law." *Schleeper v. Groose*, 36 F.3d 735, 737 (8th Cir. 1994). Accordingly, the Court denies the first and second grounds in Vaughn's petition for habeas relief.

**B.    Ground three**

Vaughn claims his trial counsel ineffectively failed to investigate and call potential alibi witness Flora Lee. Doc. 1-1 at p. 2. After he argued this point in the state post-conviction review court, the Missouri Court of Appeals denied his claim, explaining that Vaughn had not shown that his "trial counsel knew or should have known about Lee." Doc. 9-18 at pp. 7–8. The Court of Appeals also deferred to the motion court's decision not to credit Vaughn's testimony that he did not have the chance to tell his trial counsel about Lee because counsel would not give him their undivided attention. *Id.* at p. 8. Moreover, the Court of Appeals found that the motion court did not clearly err in finding that Lee's testimony would not have provided a viable defense. *Id.* As a threshold matter, the Court finds that the Missouri Court of Appeals adjudicated Vaughn's claim "on the merits" within the meaning of § 2254(d). *See Johnson*, 568 U.S. at 301.

Because the Court of Appeals adjudicated his claim on the merits, Vaughn cannot obtain habeas relief under § 2254(a) unless the decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law" under § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under § 2254(d)(2).  To grant relief under § 2254, the Court must conclude that the state court unreasonably applied the *Strickland* test or that, in reaching its conclusions regarding the performance of Vaughn's attorney, it made unreasonable factual conclusions.  *Gabaree v. Steele*, 792 F.3d 991, 998 (8th Cir. 2015).  *Strickland* requires Vaughn to show that his counsel's performance was deficient, and that the deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The Court of Appeals affirmed the motion court's conclusion that Vaughn's trial counsel was not deficient with respect to Lee as a potential alibi witness because, as Vaughn testified in the motion court, he did not tell his trial counsel about Lee before the day of trial, and, as Vaughn's trial counsel testified, had Vaughn told him about Lee, he would have contacted her.  Doc. 9-11 at pp. 94, 109.  The Court of Appeals held that "[t]rial counsel cannot be unreasonable for failing to investigate and call a witness 'he did not know and [Vaughn] did not tell him about."  Doc. 9-18 at p. 8 (quoting *Jones v. State*, 519 S.W.3d 879, 885 (Mo. App. E.D. 2017)).

While Vaughn contended that his trial counsel ineffectively relied solely on him to disclose potential witnesses and further argued that trial counsel did not give him the opportunity to disclose Lee as a potential witness, the Court of Appeals rejected these claims.  The Court of Appeals concluded first that "counsel's actions are usually based, quite properly, on . . . information supplied by the defendant," *id.* (quoting *Strickland*, 466 U.S. at 691), and second,

8

that it defers to the motion court's finding that Vaughn's testimony that he did not have the chance to tell his lawyers about Lee was not credible. *Id.*

Finally, the Court of Appeals found that the motion court did not err when it found that Lee's testimony, even if brought at trial, would not have provided him with a viable defense. *Id.* Lee could only account for Vaughn's whereabouts until about 6:00 a.m. on the morning of the murders, but the evidence at trial showed that the victims were shot at an address approximately 15 minutes away around 6:30 a.m. *Id.* at p. 9. "Lee's testimony 'would not have so far removed [Vaughn] from the scene of the crime at the relevant time to render it impossible that he is the guilty party." *Id*. (quoting *Helmig v. State*, 42 S.W.3d 658, 670 (Mo. App. E.D. 2001).

The Court of Appeals' application of *Strickland* was reasonable because Vaughn testified that he did not tell his lawyer about Lee until trial and did not specify what additional steps he believed his lawyer should have taken to identify Lee as a potential witness. The factual findings of the Court of Appeals, moreover, are "presumptively correct" and they also "enjoy support in the record." *See Ryan*, 387 F.3d at 790. Nothing in Vaughn's petition or the state-court records suggests that the Court of Appeals' ruling was "based on an unreasonable determination of the facts," including the motion court and Court of Appeals' determination that Lee's testimony would not have provided a viable defense even if Vaughn's attorney had called her. *See* § 2254(d)(2). Accordingly, the Court denies the third ground in Vaughn's petition for habeas relief.

**C.     Ground four**

Vaughn claims his trial and appellate counsel ineffectively failed to raise a speedy trial claim. Doc. 1-1 at pp. 2–4. After he argued this point in the state post-conviction review court, the Missouri Court of Appeals denied his claim, applying the *Barker* factors and finding that no

9

speedy trial violation occurred. Doc. 9-18 at pp. 10–14; *see Barker v. Wingo*, 407 U.S. 514, 530 (1972). The Court of Appeals found that although the first factor, length of the delay, weighed in Vaughn's favor, the other three factors, reason for the delay, defendant's assertion of his right to a speedy trial, and prejudice to the defendant, weighed in favor of the state. Doc. 9-18 at p. 11. Thus, the court concluded no speedy trial violation occurred and that Vaughn's trial and appellate counsel were not ineffective for failing to raise a non-meritorious claim. *Id*. at p. 14. As a threshold matter, the Court finds that the Missouri Court of Appeals adjudicated Vaughn's claim "on the merits" within the meaning of § 2254(d). *See Johnson,* 568 U.S. at 301.

Because the Court of Appeals adjudicated his claim on the merits, Vaughn cannot obtain habeas relief under § 2254(a) unless the decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law" under § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under § 2254(d)(2). To grant relief under § 2254, the Court must conclude that the state court unreasonably applied the *Strickland* test or that, in reaching its conclusions regarding the performance of Vaughn's attorney, it made unreasonable factual conclusions. *Gabaree v. Steele*, 792 F.3d 991, 998 (8th Cir. 2015). *Strickland* requires Vaughn to show that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687.

The Court of Appeals affirmed the motion court's conclusion that Vaughn's trial and appellate counsel were not deficient for failing to raise a speedy trial claim because no speedy trial violation occurred. The Court of Appeals found no speedy trial violation because, while the length of the delay, about forty months, was presumptively prejudicial, the remaining three factors weigh against Vaughn. Doc. 9-18 at p. 11. The court attributed the continuances to

Vaughn, the trial court, and, on one occasion to obtain additional evidence, the state. *Id.* at p. 12. Because the court found that no evidence supported a finding that the state attempted to hamper the defense through continuances, the court concluded that the second factor weighed only slightly against the state and heavily against Vaughn. *Id*. at p. 13. Considering the third factor, whether and how Vaughn asserted his right to a speedy trial, the court found that, while Vaughn early on requested a speedy trial, Vaughn went on to request, consent to, and fail to object to multiple continuances throughout 2014 and 2015. *Id.* And finally, the court found little prejudice to Vaughn due to the delays because, though he was incarcerated pending trial, the delays did not impair his defense in any way. *Id.* at p. 14.

The Court of Appeals' application of *Strickland* was reasonable because it found no speedy trial violation after weighing the factors set out in *Barker*. The factual findings of the Court of Appeals, moreover, are "presumptively correct" and they also "enjoy support in the record." *See Ryan*, 387 F.3d at 790. Nothing in Vaughn's petition or the state-court records suggests that the Court of Appeals' ruling was "based on an unreasonable determination of the facts," including the motion court and Court of Appeals' determination that no speedy trial act violation occurred. *See* § 2254(d)(2). Furthermore, to the extent Vaughn asks the Court to re-examine the Court of Appeals' interpretation and application of Mo. Rev. Stat. § 545.780, this Court refuses to do so because "[a] federal court may not re-examine a state court's interpretation and application of state law." *Schleeper*, 36 F.3d at 737. Accordingly, the Court denies the fourth ground in Vaughn's petition for habeas relief.

    **D.**    **Ground five**

Vaughn claims his trial counsel ineffectively failed to object at trial to the introduction of Exhibit 107, a DVD of Melva Hodges' interrogation by police, because the state had not

11

properly laid the foundation. Doc. 1-1 at pp. 4–5. After he argued this point in the state post-conviction review court, the Missouri Court of Appeals denied his claim because the state had, in fact, properly laid the foundation. Doc. 9-18 at pp. 15–16. The Court of Appeals noted that "[i]f a witness claims not to remember if a prior statement was or was not made, a proper foundation has been laid to admit the prior inconsistent statement." *Id.* at p. 16 (quoting *State v. Reed*, 282 S.W.3d 835, 838 (Mo. 2009)). Since Hodges testified at trial that she could not remember what she told police, it was enough, per the Court of Appeals, "that the State questioned Hodges directly about the statement she made to police and the substance of those questions matched the inconsistent statements offered by the State." *Id.* As a threshold matter, the Court finds that the Missouri Court of Appeals adjudicated Vaughn's claim "on the merits" within the meaning of § 2254(d). *See Johnson*, 568 U.S. at 301.

Because the Court of Appeals adjudicated his claim on the merits, Vaughn cannot obtain habeas relief under § 2254(a) unless the decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law" under § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under § 2254(d)(2). To grant relief under § 2254, the Court must conclude that the state court unreasonably applied the *Strickland* test or that, in reaching its conclusions regarding the performance of Vaughn's attorney, it made unreasonable factual conclusions. *Gabaree v. Steele*, 792 F.3d 991, 998 (8th Cir. 2015). *Strickland* requires Vaughn to show that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687.

The Court of Appeals affirmed the motion court's conclusion that Vaughn's trial counsel was not deficient for failing to object to the state's introduction of Exhibit 107 because the

12

objection would have been overruled.  Doc. 9-18 at p. 16.  The Court of Appeals' application of *Strickland* was reasonable because it found that the state properly laid the foundation to Exhibit 107.  First, the Court takes "no issue with the Missouri court's application and interpretation of its evidentiary rules.  *Skillicorn v. Luebbers*, 475 F.3d 965, 974 (8th Cir. 2007) (citing *Schleeper*, 36 F.3d at 737).  The court concluded that the state properly laid the foundation to Exhibit 107; therefore, trial counsel cannot have been ineffective for failing to object.  The factual findings of the Court of Appeals, moreover, are "presumptively correct" and they also "enjoy support in the record."  *See Ryan*, 387 F.3d at 790.  Nothing in Vaughn's petition or the state-court records suggests that the Court of Appeals' ruling was "based on an unreasonable determination of the facts," including the motion court and Court of Appeals' determination that the state properly laid the foundation to Exhibit 107.  *See* § 2254(d)(2).  Accordingly, the Court denies the fifth ground in Vaughn's petition for habeas relief.

## IV.  Certificate of Appealability

The Court finds Vaughn has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. 28 U.S.C. § 2253(c); *see also Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings").  Therefore, the Court does not issue a certificate of appealability as to any claims raised in Vaughn's § 2254 petition.

13

V.      **Conclusion**

The Court denies Petitioner Darnell Vaughn's petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  Doc. 1.  The Court dismisses Vaughn's [1] petition with prejudice.  The Court does not issue a certificate of appealability.

So Ordered this 19th day of November 2021.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**